UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LINCOLN D. FINLEY JR., | No. C 13-04701 LB |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION** |
| v. | |
| JOHN HANCOCK LIFE INSURANCE COMPANY; CALIFORNIA STATE CONTROLLER OFFICE, | [Re: ECF No. 1] |
| Defendants. | |

On October 9, 2013, plaintiff Lincoln Finley, who is proceeding *pro se*, filed a complaint against defendants John Hancock Life Insurance Company and California State Controller Office. Complaint, ECF No. 1. At the same time, he filed an application to proceed *in forma pauperis*. Application, ECF No. 3. Upon initial review of his complaint, it is not clear that this court has subject-matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, and the court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). The burden of establishing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U. S. 178, 182-183 (1936)).

Under the general federal question jurisdiction statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331. Whether a case arises under federal law is determined by looking at the face of the well-pleaded complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted).

Under the diversity jurisdiction statute, federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The basic requirement in diversity cases is that all plaintiffs must be of different citizenship from all defendants or there is no federal diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 562 (2005). For purposes of determining citizenship, a natural person is deemed to be a citizen of the state where he or she is domiciled, which is where he or she resides with the intention to remain. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). And a corporation is "a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In his complaint, Mr. Finley does not allege any facts to establish that this court has subject-matter jurisdiction over the action.[1] Accordingly, the court **ORDERS** Mr. Finley to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. He shall do so by filing a written response **no later than October 31, 2013**.

To assist him, the court attaches to this order a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. Mr. Finley also may wish to seek assistance from the Legal Help

---

[1] Mr. Finley did not include a "jurisdictional statement" in his complaint, even though he is required to do so by this district's civil local rules. *See* N.D. Cal. L.R. 3-5(a) ("Each complaint . . . must include a separate paragraph entitled 'Jurisdiction.' The paragraph will identify the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction."); *see also* Representing Yourself in Federal Court: A Handbook for Pro Se Litigants at 10-11 (attached).

Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.

**IT IS SO ORDERED.**

Dated: October 15, 2013

_____
LAUREL BEELER
United States Magistrate Judge