**United States District Court**
For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
8   LINCOLN D. FINLEY, JR.,                    No. C-13-4701 EMC
9            Plaintiff,
10       v.                                    **ORDER GRANTING PLAINTIFF'S *IN***
                                               ***FORMA PAUPERIS* APPLICATION,**
11  JOHN HANCOCK LIFE INSURANCE                **AND DISMISSING CASE WITH LEAVE**
    COMPANY, *et al.*,                         **TO AMEND**
12
13           Defendants.
    _____/
14
15
16            I.    <u>INTRODUCTION AND BACKGROUND</u>
17           On October 9, 2013, Plaintiff, Lincoln D. Finley Jr., filed the instant action against
18   Defendants John Hancock Life Insurance Company ("John Hancock") and the California State
19   Controller Office.  Dkt. No. 1.  Plaintiff's complaint alleges that an Eddie Stewart Jr. signed a life
20   insurance policy with John Hancock naming Barbara Steward as the sole beneficiary of the policy.
21   Compl. ¶ 2.  Plaintiff alleges that when Mr. Stewart died, the life insurance policies escheated to the
22   state of California, even though John Hancock "was aware of the address in which to mail all
23   payments related to the policy holder and its beneficiary."  *Id.* ¶ 3.  Plaintiff asserts three causes of
24   action – breach of contract, breach of the implied covenant of good faith and fair dealing, and
25   violation of the California Unfair Property Law.  All causes of action are alleged against John
26   Hancock, while the violation of the Unfair Property Law is additionally asserted against the
27   Controller of the State of California.
28

**United States District Court**
For the Northern District of California

1    On October 15, 2013, issued an order stating that Plaintiff's complaint "does not allege any

2    facts to establish that this court has subject-matter jurisdiction over the action." Dkt. No. 5, at 2.

3    Accordingly, Judge Beeler ordered Plaintiff to show cause by October 31, 2013 why his action

4    should not be dismissed for lack of subject matter jurisdiction.  Plaintiff has failed to respond to this

5    order.[1]

6    Because Plaintiff's Complaint fails to establish a basis for the exercise of subject matter

7    jurisdiction, the Court **DISMISSES** the Complaint with leave to amend.

8    ## II.   DISCUSSION

9    Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack

10   jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v.*

11   *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Accordingly,

12   under N.D. Cal. L.R. 3-5(a), every complaint must include a jurisdictional statement which

13   "identif[ies] the statutory or other basis for federal jurisdiction and the facts supporting such

14   jurisdiction."  Plaintiff's complaint does not contain this jurisdictional statement, but it is apparent

15   from the face of the complaint that subject matter jurisdiction is lacking.

16   First, this case does not present a federal question under 28 U.S.C. § 1331.  Under § 1331,

17   "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

18   properly pleaded complaint." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

19   (citation and internal quotation marks omitted).  This requires either "(1) that federal law creates the

20   cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a

21   substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029

22   (9th Cir. 2011) (citation and internal quotation marks omitted).  Here, none of the causes of action –

23   breach of contract, breach of the implied covenant of good, or California's Unclaimed Property Act

24   – arise under federal law or require resolution of any federal question.

25   Second, this case does not fall under the diversity jurisdiction provisions under 28 U.S.C. §

26   1332.  Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of the parties. *In re*

27   _____

28   [1] Subsequent to this order, Plaintiff declined to proceed before a magistrate judge, resulting in the reassignment of this action to the undersigned.

*Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff."). Here, based on the address and phone number provided by Plaintiff, it appears he is a citizen of the State of California. Dkt. No. 1, at 1. Further, one of the defendants in this case is a state governmental entity – the Controller of the State of California. *Id.* States are not "citizens" for purposes of § 1332, and therefore a suit in which a state entity is a Defendant cannot be one between "citizens of different States." 28 U.S.C. 1332(a)(1); *see also Moor v. Alameda County*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."); *Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 583 (M.D. La. 2003) ("If a party is not a citizen of any state, there is no diversity of citizenship, except as otherwise provided by the statute. The statute makes no provisions for the states or state agencies as parties in diversity suits."). Accordingly, complete diversity is lacking in this suit and there is no jurisdiction under § 1332.

### III.   CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. However, Plaintiff will be given leave to amend. Any amended complaint must drop the Controller of the State of California as a defendant and must allege facts demonstrating that Plaintiff and John Hancock are citizens of different states. He must allege the required dollar

///
///
///
///
///
///
///
///
///
///

*United States District Court*
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1    amount in controversy as well.  Plaintiff shall file the amended complaint no later than **December**

2    **19, 2013**.  Failure to file an amended complaint will result in dismissal of this action without

3    prejudice.

4            Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. No. 3) is **GRANTED**, but the

5    complaint is **DISMISSED** with leave to amend.

6            This order disposes of Docket No. 3.

7

8            IT IS SO ORDERED.

9

10   Dated:  November 22, 2013

11

12                                                    _____
                                                       EDWARD M. CHEN
13                                                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28